UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC and REVIVE INVESTING LLC,<br><br>       Plaintiffs,<br><br>      -against-<br><br>KAREN J. PULTE and MARK T. PULTE, as Co-Trustees of the William J. Pulte Trust dtd 01/26/1990, as amended,<br><br>       Defendants,<br><br>      -and-<br><br>PULTEGROUP, INC.<br><br>       Nominal Defendant. | Case No. 1:21-cv-402 (PKC)<br><br>**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby **ORDERED** that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms:

**Discovery Materials May Be Designated as Confidential**

  1. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public trade secrets, business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or may, in the reasonable, good faith opinion of the producing person, be detrimental to the producing person's business, commercial, financial, or personal

interests, or detrimental to the business of any of that producing person's customers, clients, or employees, or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. The term "person" shall include any non-party that produces documents or gives testimony in response to a subpoena.

2. With respect to confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

3. If at any time prior to the trial of this action, a producing person realizes that any portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that Discovery Material by notifying all parties in writing. Such Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice.

4. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of

discovery in this action, in whole or in part) that is designated as "Confidential" pursuant to the terms of this Order ("Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

**Who May Receive Confidential Discovery Materials**

5. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

   (a) the parties to this action;

   (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

   (c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   (d) any witness whose deposition has been noticed in this action, or who has been designated as a trial witness, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

   (e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, and any member of the expert witness's or consultant's staff working under the supervision of the expert witness or consultant, provided that each such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) any officer before whom a deposition is taken, including any stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

7. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Filing Confidential Discovery Materials in this Action**

8. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be

accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file another party's Confidential Discovery Material, or any pleading, brief, memorandum, or other document which reproduces, paraphrases, or discloses another party's Confidential Discovery Material, shall so advise the other party no less than fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose Confidential Discovery Material is sought to be used may make an application to seal, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

9. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

**Inadvertent Disclosure of Privileged Materials**

10. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within seven (7) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

14. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all persons subject to this Order shall destroy, delete, or remove all Confidential Discovery Material in their possession, including but not limited to terminating online, electronic discovery platforms.

15. Nothing in paragraph 14 shall require any person to destroy or delete any material stored in the ordinary course of business, including but not limited to attorney work files containing work papers, court papers, or emails related to this action.

16. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: New York, New York
       July 25, 2022

Respectfully submitted,

| | |
|---|---|
| ___/s/ Daniel E. Doherty_____ | ___/s/ Thomas J. Fleming_____ |
| Daniel E. Doherty (DD–2145) | Thomas J. Fleming |
| 7300 W. 110th Street, Suite 930 | Amelia Hochman |
| Overland Park, Kansas 66210 | OLSHAN FROME WOLOSKY LLP |
| Tel: (913) 338-7182 | 1325 Avenue of the Americas |
| Email: ded@ddoherty.net | New York, NY 10019 |
| | Tel: (212) 451-2213 |
| ___/s/ James A. Hunter_____ | Email: tfleming@olshanlaw.com |
| James A. Hunter (JH–1910) | Email: ahochman@olshanlaw.com |
| 42 Stagecoach Road | |
| Pipersville, Pennsylvania 18947 | *Attorneys for Karen J. Pulte and Mark T.* |
| Tel: (484) 437-5935 | *Pulte, as Co-Trustees of the William J. Pulte* |
| Email: hunter@hunterkmiec.com | *Trust dtd 01/26/1990, as amended.* |

*Attorneys for Plaintiffs Calenture, LLC and Revive Investing LLC*

6434498-3                                                              7

/s/ Alex J. Kaplan
Alex J. Kaplan
Robert M. Garsson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Email: ajkaplan@sidley.com
Email: rgarsson@sidley.com

*Attorneys for Nominal Defendant PulteGroup, Inc.*

SO ORDERED.

Dated: 7/26/2022
New York, New York

*/s/ P. Kevin Castel*

HONORABLE P. KEVIN CASTEL
United States District Judge

6434498-3                              8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALENTURE, LLC and REVIVE INVESTING LLC,<br><br>       Plaintiffs,<br><br>    -against-<br><br>KAREN J. PULTE and MARK T. PULTE, as Co-Trustees of the William J. Pulte Trust dtd 01/26/1990, as amended,<br><br>       Defendants,<br><br>    -and-<br><br>PULTEGROUP, INC.<br><br>      Nominal Defendant. | Case No. 1:21-cv-402 (PKC)<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____[print name], acknowledge that I have read, understood, and agree to be bound by the Protective Order in this action governing the non-disclosure of Confidential Discovery Material. I agree will not disclose Confidential Discovery Material to any person, or otherwise use Confidential Discovery Material for any purpose, unless such disclosure is done for purposes of this litigation and does not otherwise violate the terms of the Protective Order. I acknowledge that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order

6434498-3

could subject me to punishment for contempt of Court.


Dated:_____          _____
                                [Signature]

6434498-3